IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALEX GORDON, | § § | |
| *Plaintiff,* | § § | SA-19-CV-00405-FB-ESC |
| vs. | § § | |
| FEDERAL IT CONSULTING, LLC, | § § | |
| *Defendants.* | § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant Federal IT Consulting, LLC's, Motion to Dismiss [#16]. The District Court referred all pretrial proceedings in this case to the undersigned for disposition pursuant to Rule 72 of the Federal Rules of Civil Procedure and Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas [#12]. The undersigned has authority to enter this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

In resolving Defendant's motion, the undersigned has also considered Plaintiff's *pro se* response [#21], Plaintiff's pleadings, the governing law, and the arguments of the parties at the Court's initial pretrial conference in this matter. For the reasons set forth below, it is recommended that Defendant Federal IT Consulting, LLC's, Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART.**

### I. Factual and Procedural Background

This is an employment-discrimination case brought by Plaintiff Alex Gordon, proceeding *pro se*, against his former employer, Defendant Federal IT Consulting, LLC, a federal contractor.

1

Plaintiff, an African-American male, sued Defendant, a San Antonio-based cyber security, information technology, and engineering-services firm, in the Eastern District of Virginia, asserting claims of discrimination and harassment (Count I), retaliation (Count II), defamation (Count III), breach of contract (Count IV), and violations of the Federal Acquisition Regulation, 48 C.F.R. § 1 (Count V)—the principal regulation governing federal executive agencies in the use of appropriated funds to acquire supplies and services. The case was subsequently transferred to this Court [#10].

Plaintiff alleges that Defendant hired him as a Cyber Systems Security Subject Matter Expert to work on a project for the U.S. Air Force at Langley Air Force Base in Hampton, Virginia. (Compl. [#1] at 6.) Plaintiff worked for Defendant from November 2016 until February 7, 2017, at which time he was discharged. (*Id.* at 6, 8.) Plaintiff claims that during his employment he was subjected to an ongoing pattern of hostility by a coworker identified as "Site Lead" in his Complaint. (*Id.* at 6.) Plaintiff alleges that, after he reported the Site Lead for manipulating timesheets and billing the government for time she was not at work, the Site Lead's hostility toward him intensified, but that no retaliatory action was taken against her. (*Id.* at 6–7.) Thereafter Plaintiff alleges that the Site Lead made false statements that Plaintiff "physically intimated" her as a belligerent and threatening "Angry Black Man," which was part of her campaign to secure Plaintiff's termination. (*Id.* at 8.)

After Plaintiff's termination, he filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Virginia Division of Human Rights, alleging race discrimination and retaliation. On March 21, 2018, the EEOC dismissed Plaintiff's Charge and notified Plaintiff of his right to sue within 90 days from his receipt of the notice. Plaintiff filed this lawsuit on June 25, 2018.

After the transfer of Plaintiff's case to this district, Defendant filed the motion to dismiss that is the subject of this report and recommendation, arguing among other things that Plaintiff's lawsuit is time-barred for failure to timely file within the 90-day statutory period. Plaintiff responded to the motion, and the motion is now ripe for this Court's review.

## II. Governing Law

Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. To survive a Rule 12(b)(6) motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this pleading standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint does not need to contain "detailed factual allegations" to survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678

A court considering a motion to dismiss must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). While a court must accept all of the claimant's well-pleaded facts as true, it is not bound to accept as true "conclusory allegations or allegations that merely restate the legal elements of a claim." *Chhim v. Univ. of Tex. at Austin*,

836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should be dismissed only if a court determines that it is beyond doubt that the claimant cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570.

Because Plaintiff is a *pro se* litigant, his pleadings are to be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, *pro se* litigants, like all other parties, must follow the Federal Rules of Civil Procedure. *See Chhim*, 836 F.3d at 469 ("We hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.").

### III. Analysis

Defendant moves to dismiss all of Plaintiff's claims for failure to state a claim. Plaintiff's response and affidavit attached thereto provide the Court with additional factual allegations in response to Defendant's motion. In light of the requirement that this Court construe *pro se* pleadings liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court treats Plaintiff's response and affidavit as supplemental pleadings. The Court has therefore considered all of these documents in its review of the sufficiency of the pleadings in this case. After reviewing Plaintiff's pleadings, the undersigned recommends that Defendant's motion to dismiss be granted in part, and that Plaintiff's Title VII claims should proceed, and his remaining claims dismissed.

**A.  Plaintiff's discrimination, harassment, and retaliation claims arising under Title VII should survive Defendant's motion to dismiss.**

Plaintiff alleges he was subject to discrimination, harassment, and retaliation by his employer. Whether these claims are brought under the Virginia Human Rights Act ("VHRA")

or Title VII of the Civil Rights Act of 1964 ("Title VII"), Defendant argues they are time-barred because Plaintiff's Complaint was filed 96 days after he received statutory notice of his right to sue from the EEOC, six days beyond the deadline. *See* 42 U.S.C. § 2000e-5(f)(1) (requiring plaintiff to file complaint within 90 days after the giving of such notice of right to sue by EEOC). Plaintiff's response clarifies that he is not suing Defendant under the Virginia act. Accordingly, the Court only evaluates Plaintiff's federal claims here, concluding that the claims are not time-barred.

The record establishes that the EEOC issued its notice of Plaintiff's right to sue on March 21, 2008. Plaintiff's Complaint does not allege when he received the notice. Defendant's motion asks the Court to apply a presumption of three days from the date of issuance to determine the date Plaintiff received notice and therefore the end of the 90-day, citing to recent decisions in this District applying a three-day presumption. *See Arocha v. Morningside Ministries*, 5:18-CV-02151-XR-RBF, 2019 WL 1510009 (W.D. Tex., Mar. 8, 2019); *Jenkins v. City of San Antonio Fire Dept.*, 12 F. Supp. 3d 925 (W.D. Tex. 2014), *aff'd*, 784 F.3d 263 (5th Cir. 2015) (collecting cases applying three-day presumption). But courts applying the three-day presumption only do so in cases where plaintiffs have failed to plead a specific date that they received the notice that contradicts the presumption. *See, e.g.*, *Arocha*, 2019 WL 1510009, at *2 (W.D. Tex., Mar. 8, 2019) (applying the three-day presumption where the pllaintiff was given an opportunity to clarify the date he received the notice but did not); *Smith v. Dallas Cnty. Hosp. Dist.,* 3:13–CV–0792–G BN, 2014 WL 645248, at *3 (N.D. Tex. Feb. 19, 2014) ("Because Plaintiff failed to allege the specific date on which she actually received the right-to-sue letter and the date the letter was received is unknown, the undersigned concludes that a presumption of receipt within three days of issuance is appropriate."); *DeJesus–Harris v. Blockbuster*

*Video*, CIVA SA-04–CA–1099-XR, 2006 WL 2620510, at *5 (W.D. Tex. Sept. 5, 2006) (acknowledging Martin's three-day presumption, but declining to follow it because the actual date of receipt was known and not disputed.)

Plaintiff's response and corresponding declaration clarify that he did not receive the right-to-sue letter on the third day after it was mailed, which was Saturday, March 24, 2018; nor did it arrive on Sunday, March 25, 2018. (Gordon Decl. [#21-1] at ¶ 9.) Plaintiff states that the letter arrived on Monday March 26, 2018, five days after the notice was issued, and therefore the 90th day was Sunday, June 24, 2018. (Id.) Plaintiff maintains he timely filed his Complaint the next working day, Monday, June 25, 2018. (Resp. [#21] at 3–4; Gordon Decl. [#21-1] at 3.) Thus, Plaintiff's factual pleadings, taken as true at this stage of the litigation, establish that he timely filed his case, and his Title VII claims should not be dismissed as time-barred.

Defendant also contends that Plaintiff's Title VII discrimination and retaliation claims should be dismissed because Plaintiff has failed to allege that he suffered discrimination due to his membership in a protected class, experienced an ultimate employment action, or engaged in any legally protected activity. The undersigned disagrees. Plaintiff's Complaint and response allege that he was part of a three-member team, was the only African American team member, suffered discrimination because of his race, and was the target of numerous false statements (including being referred to as an "angry black man" by his Site Lead), all of which culminated in his wrongful termination. (Compl. [#1] at 8; Resp. [#21] at 1–3, 4; Gordon Decl. [#21-1] at ¶¶ 2–4.) Plaintiff also alleges that he reported his Site Lead's fraudulent activity with respect to her time sheets, as well as harassment and discrimination, and suffered retaliation as a result. (Compl. [#1] at 7; Gordon Decl. [#21-1] at ¶ 2.) Plaintiff's allegations are sufficient to state

6

plausible claims of discrimination and retaliation under Title VII.¹ *See McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (listing elements for Title VII discrimination and retaliation claims, which include membership in a protected class and adverse employment action such as termination).

**B.     Defamation**

Defendant argues that Plaintiff's defamation claim is time-barred because the allegedly defamatory statements underlying Plaintiff's Complaint occurred outside of the one-year statute of limitations applicable to such claims under both Texas and Virginia law.² Tex. Civ. Prac. & Rem. Code § 16.002(a); Va. Code. § 8.01–230. Under both Texas and Virginia law, the limitations period begins to run when the allegedly defamatory material is published. *Deaver v. Desai*, 483 S.W.3d 668, 674–75 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Jordan v. Shands*, 500 S.E. 2d 218 (Va. 1998).

Plaintiff's defamation claim is based on his Site Lead's allegedly false statements to the effect that she had been physically intimidated and threatened by Plaintiff—an "angry black man." (Compl. [#1] at 3.) Although Plaintiff does not specify the date on which these statements were made, he alleges that his employment was terminated on January 27, 2017 and that his termination was the result in part of the defamation. (*Id.* at 2–3.) Plaintiff's Complaint

---

¹ Defendant did not advance any argument for dismissal of Plaintiff's harassment claim aside from the time bar.

² "A federal court exercising pendent jurisdiction over state law claims, must apply the substantive law of the state in which it sits." *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan*, 883 F.2d 345, 353 (5th Cir. 1989). In a case transferred pursuant to 28 U.S.C. § 1404(a), as here, the court should apply the law of the transferor state, including that state's choice of law rules. *Van Dusen v. Barrack*, 376 U.S. 612, 637–39 (1964). The parties have not briefed the Court on whether the law of Virginia, as the transferor state, or Texas, the forum state, should apply to Plaintiff's defamation claim. For purposes of the Court's analysis here, the law of Virginia and Texas is not materially different.

was filed on June 25, 2018, more than one year later. Plaintiff argues that his defamation claim should survive dismissal because the Court should equitably toll the statute of limitations so all of his claims can be heard in one case. (Resp. [#21] at 4–5.) Although principles of judicial economy may support Plaintiff's argument, this is not a recognized basis for tolling a statute of limitations. "Federal courts have typically extended equitable relief only sparingly[,]" such as "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Plaintiff does not provide the Court with any facts to suggest that he "exercise[d] due diligence in preserving his legal rights." *Id.* This claim should be dismissed as time-barred.

C. **Breach of Contract**

Plaintiff's Complaint includes a claim of breach of contract. (Compl. [#1] at 8.) Defendant seeks dismissal of this claim on the basis that Plaintiff was an at-will employee who could be terminated at any time and therefore there was no contract of employment that could have been breached by Defendant. Plaintiff responds that his breach of contract claim is predicated on Defendant's violation of its corporate policies regarding non-retaliation against employees who report unethical or illegal behavior. (Resp. [#21] at 5–6.) Regardless of whether Plaintiff is alleging his termination breached the parties' employment agreement or some other retaliation breached Defendant's employment policies, this claim fails as a matter of law.

The record establishes that Plaintiff and Defendant did enter into an Employment Agreement on November 14, 2016, but the agreement clearly provides that Plaintiff was employed as an at-will employee and either party could terminate the agreement at any time,

with or without cause.[3] (Employment Agreement [#16-1] at ¶ 5.) This agreement conforms with Texas law on employment relationships,[4] which provides that absent a specific agreement to the contrary, an employer may fire an employee at will "for good cause, bad cause, or no cause at all." *Montgomery County Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998). Insofar as Plaintiff alleges that Defendant breached the employment agreement by terminating his employment, this claim fails as a matter of law based on the plain language of the parties' employment agreement and governing Texas law.

Plaintiff has also failed to allege a breach-of-contract claim based on corporate policies communicated to Plaintiff through an employee handbook or manual or any other accompanying document. "Employee handbooks and manuals do not create contracts when the parties have not expressly agreed that the procedures contained in these materials are binding." *Zimmerman v. H.E. Butt Grocery Co.*, 932 F.2d 469, 471 (5th Cir. 1991). In limited circumstances, employment policies may alter the at-will nature of the employment relationship and create enforceable contractual rights. *Zenor v. El Paso Healthcare System, Ltd.*, 176 F.3d 847, 862 (5th Cir. 1999). But to do so, "the policy must specifically and expressly limit the employer's ability to terminate the employee." *Id.* "The policy must contain an explicit contractual term altering the at-will relationship, and must alter that relationship 'in a meaningful and special way.'" *Id.* (quoting *Figueroa v. West*, 902 S.W.2d 701, 705 (Tex. App.—El Paso 1995, no writ)). A

---

[3] Generally, a court may not consider documents outside of the pleadings in ruling on a motion to dismiss. *Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). The Fifth Circuit has recognized an exception to this general rule where the documents considered by the court are referenced in the plaintiff's complaint and are central to the plaintiff's claim, such as the employment agreement attached here. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000).

[4] The parties' employment agreement provides that the employment relationship shall be governed by Texas law. (Employment Agreement [#16-1] at ¶ 13.)

9

disclaimer in an employee handbook supports the presumption that the employer did not intend for its policies to create contractual rights. *See Zenor*, 176 F.3d at 863.

Attached to Defendant's motion to dismiss is an Employee Acknowledgement Form, which reiterates the employment at-will relationship and communicates that the employee handbook and its guidelines do not constitute a contract of employment. (Employee Acknowledgement [#16-3] at 2.) Plaintiff does not allege that the parties had a contract with respect to non-retaliation for employee reporting, the violation of which could constitute a cause of action for breach of contract. Plaintiff alleges only a policy. The Court should dismiss this claim.

**D.     Federal Acquisition Regulation**

Plaintiff's final cause of action alleges that Defendant violated the "FAR" by not addressing customer requests that are "not in line with the contract deliverables." (Compl. [#1] at 8.) Defendant seeks dismissal of this claim on the basis that the pleadings are too vague to discern its factual basis, and, in any event, a breach of the Federal Acquisition Regulations System ("FAR") does not give rise to a private right of action. The undersigned agrees.

The FAR sets forth policies for acquisitions by government executive agencies. *See* 48 C.F.R. § 1.101 (codifying and publishing "uniform policies and procedures for acquisition by all executive agencies"). A number of federal district courts have held that the FAR does not give rise to a private right of action. *See, e.g.*, *Wallace v. Access Self Storage Red Oak*, No. 3:17-CV-1602-M-BH, 2017 WL 3017233, at *1 (N.D. Tex. June 20, 2017), *report and recommendation adopted*, No. 3:17-CV-1602-M-BH, 2017 WL 3016879 (N.D. Tex. July 14, 2017). *See also Ciliv v. UXB Int'l, Inc.*, No. 7:12-CV-290, 2012 WL 5245323, at *4 (W.D. Va. Oct. 22, 2012) ("It is clear that a breach of the Federal Acquisition Regulations, standing alone, cannot give rise

to a private right of action."); *Marini v. DragadosUSA, Inc.*, No. CIV.A. 11-11316-GAO, 2012 WL 4023674, at *1 (D. Mass. Sept. 11, 2012) ("The FAR does not provide a cause of action for a private contractor, such as the plaintiff, against another private contractor, such as the defendant."); *Mountain State Mech. Insulation, Inc. v. Bell Constructors, LLC*, No. 1:11-CV-180, 2012 WL 2995213, at *2 (N.D.W. Va. July 23, 2012) ("These federal laws establish goals for federal government agencies to procure contracts with small businesses, but none provides a cause of action for a private plaintiff to sue a private contractor or subcontractor, even one employed by a government agency."). Regardless of the factual basis of Plaintiff's allegations surrounding a violation of the FAR, this claim also fails as a matter of law.

## IV. Conclusion and Recommendation

Having reviewed the motion and response thereto, the arguments made at the hearing, the applicable legal authorities, and Plaintiff's pleadings, the undersigned recommends that Defendant Federal IT Consulting, LLC's, Motion to Dismiss [#16] be **GRANTED** as follows:

- Plaintiff's claims arising under the Virginia Human Rights Act, as well as his claims for defamation, breach of contract, and violations of the FAR, should be dismissed.

In all other respects, the Motion should be **DENIED.**

## V. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed within fourteen (14) days after being served with a copy of same, unless this time period is modified by the district court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court and serve the objections on all other

parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a de novo determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 25th day of September, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE