IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALEX GORDON, | § § § | |
| *Plaintiff,* | § § | SA-19-CV-00405-FB |
| vs. | § § § | |
| FEDERAL IT CONSULTING, | § § § | |
| *Defendant.* | § § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion for Protective Order [#32] and Plaintiff's Motion for Continuance [#34]. By his motion for protective order, Plaintiff Alex Gordon, proceeding *pro se*, asks the Court to issue an order prohibiting Defendant from allowing Aaron McKee and Mike Rulo to be present at one another's depositions as designated corporate representatives of their employer Defendant Federal IT Consulting. Plaintiff argues that Mr. McKee and Mr. Rulo are both fact witnesses and their presence at each other's depositions will taint the deposition testimony. By his motion for continuance, Plaintiffs asks the Court to extend the discovery and dispositive motions deadlines in this case. The Court held a hearing on the motions on August 21, 2020, at which Plaintiff and counsel for Defendant appeared telephonically. At the close of the hearing, the Court issued certain oral rulings, which it now memorializes with this written Order.

The Court will deny Plaintiff's motion for protective order. The Federal Rules of Civil Procedure allow a court, for good cause, to issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense," including "designating the persons who may be present while the discovery is conducted." Fed. R. Civ. P. 26(c)(1)(E). A party

may not simply request sequestration of a witness at the time and place of the scheduled deposition, as is permitted in the context of trial testimony through the invocation of "the rule." *See In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998); Fed. R. Evid. 615 (establishing the right of any party at trial to invoke "the rule" to request that the court "order witnesses excluded so that they cannot hear other witnesses' testimony"). Rule 30 of the Federal Rules of Civil Procedure expressly excludes the application of Federal Rule of Evidence 615 in the context of a deposition. Fed. R. Civ. P. 30(c)(1) ("The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615."). Because "Rule 30(c)'s exclusion of depositions from the strictures of Rule 615 was intended to establish a general rule that 'other witnesses are not automatically excluded from a deposition simply by the request of a party,'" a showing of good cause under Rule 26 is required to exclude a witness from a deposition. *In re Terra Int'l, Inc.*, 134 F.3d at 306 (quoting Fed. R. Civ. P. 30(c) advisory committee notes); Fed. R. Civ. P. 26(c).

Plaintiff has failed to demonstrate the required good cause to exclude Mr. McKee and Mr. Rulo from one another's depositions. Plaintiff merely argues that allowing Mr. McKee to attend Mr. Rulo's deposition as Defendant's representative and allowing Mr. Rulo to attend Mr. McKee's deposition as Defendant's representative threaten to taint the discovery process without identifying the basis for such concern.

At the hearing, the Court also addressed a dispute the parties raised in their pre-hearing Advisory [#38] regarding Defendant's ability to conduct discovery concerning Plaintiff's purported emotional distress damages. During his deposition, Plaintiff refused to answer questions related to whether he had taken medications or received treatment related to his emotional distress. Defendant maintains it is entitled to this sort of information because of the

damages pleaded by Plaintiff in his Complaint. During the hearing, the Court ordered the parties to further confer on this topic. The Court directed Defendant to propose a stipulation regarding Plaintiff's damages that, if Plaintiff agrees to, may alleviate Defendant's need to pursue further discovery on this topic. If the parties are unable to reach an agreement on this point through a stipulation or otherwise, Defendant will be allowed to file a motion on this narrow issue with the Court. In order to save time and resources, and because a ruling on a summary judgment motion may moot this point, the Court will allow Defendant to raise this issue after discovery is closed and the summary judgment motion is ruled in the event that a claim or claims survive for trial that involve emotional distress damages. If discovery is reopened at that point, it will be for that limited purpose.

As to Plaintiff's motion for continuance, the Court will grant Plaintiff's request to extend certain scheduling order deadlines and establish new deadlines herein for the discovery and dispositive motions deadlines. This additional time will allow the parties to conduct the additional depositions discussed at the hearing now that the Court has provided clarification around the issue of who may attend as a corporate representative.

Finally, at the hearing the Court noted that Defendant has not filed an answer in this case. Accordingly, the Court will also order Defendant to file an answer within two weeks of the Court's hearing.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Protective Order [#32] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Continuance [#34] is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall complete all discovery on or before **September 21, 2020**.

**IT IS FURTHER ORDERED** that the parties shall file all dispositive motions no later than **October 20, 2020**.

**IT IS FINALLY ORDERED** that Defendant file an **answer** to Plaintiff's Complaint on or before **September 4, 2020**.

SIGNED this 22nd day of August, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE